UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case No. 2:17-cr-21
v.                                          HON.  PAUL L. MALONEY

JENNIFER ELIZABETH SMITH,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Jennifer Elizabeth Smith pled guilty to one count of Distribution of Methamphetamine and Aiding and Abetting the Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).  She is scheduled to be sentenced on April 10, 2018.  In the Initial Presentence Report, the probation officer calculated Defendant's base offense level assuming the drug type in this case was methamphetamine "actual."  Defendant has now filed a "Motion for Transport of Evidence" (ECF No. 97), in which she requests that the Court order the Government to coordinate with UPSET to have the drug samples tested to determine the purity of the methamphetamine.

At sentencing, the Government bears the burden to prove drug type by a preponderance of the evidence.  *Wright v. United States*, 182 F.3d 458, 468 (6th Cir. 1999); *United States v. Lugo*, 702 F.3d 1086, 1089 (8th Cir. 2013).  The total drug weight attributed to Defendant in this case is 10.5 grams, which she sold during three controlled buys.[1]  When calculating the sentencing guidelines, the drug type has a substantial effect on the base offense level.  If the 10.5

---

[1] It should be noted that Defendant has filed an objection to the drug weight.  She believes the proper weight is approximately 7.5 grams.

grams is methamphetamine "actual" or "ice," the base offense level is calculated at 24. U.S.S.G. § 2D1.1(c)(8). If the 10.5 grams is not sufficiently pure to be either "actual" or "ice," the base offense level is calculated at 16. U.S.S.G. § 2D1.1(c)(12).

In the Initial Presentence Report, the probation officer calculated the base offense level using methamphetamine "actual." The probation officer supports this drug type determination by pointing to statements made by Defendant regarding the quality of the drugs and the purity of other drugs that were found in the drug conspiracy but not attributed to Defendant. Defendant believes that the methamphetamine she sold was not sufficiently pure to be methamphetamine "actual," but as of now, the Government has refused to submit these drugs for testing.

Because it is the Government's burden to prove the drug type at sentencing, the undersigned recommends that the Court deny Defendant's motion. However, the undersigned also recommends that the Government be barred from arguing that the drugs were methamphetamine "actual" unless the drugs are tested prior to the sentencing.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  February 23, 2018

                                                                      /s/ Timothy P. Greeley
                                                                      TIMOTHY P. GREELEY
                                                                      UNITED STATES MAGISTRATE JUDGE